

MEMO ENDORSED



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/1/07

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

KARL J. ASHANTI
Assistant Corporation Counsel
Phone: (212) 227-0414
Fax: (212) 788-9776
kashanti@law.nyc.gov

October 31, 2007

**BY HAND**
Honorable Deborah A. Batts
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007

MEMO ENDORSED

RECEIVED
NOV - 1 2007
CHAMBERS OF
DEBORAH A. BATTS
U.S.D.J.

Re: Tatum Shorter v. City of New York, et al.
    07 CV 9290 (DAB)(HBP)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendant City of New York in the above-referenced matter. I write to respectfully request an enlargement of time from Tuesday, November 6, 2007 until Monday, January 7, 2008, for the defendant to answer or otherwise respond to the complaint. Plaintiff's counsel has consented to this application.

GRANTED
/DAB/
Nov. 1, 2007

      In the complaint, plaintiff alleges, *inter alia*, that on October 13, 2006, she was falsely arrested and subjected to excessive force by officers of the New York City Police Department. Plaintiff further alleges that the charges against her were ultimately dismissed.

      There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiff for execution a release for her medical records. Additionally, as the complaint indicates that the charges against plaintiff were dismissed, this office will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official records concerning plaintiff's arrest and/or prosecution, including police records, are sealed. Defendant cannot obtain these records without the designation and medical release, and without the records, defendant cannot properly assess this case or respond to the complaint.

MEMO ENDORSED

MEMO ENDORSED

Second, defendant City of New York appears to have been served with process. However, upon information and belief, defendant Williams has not yet been served. The extension should allow time for plaintiff to serve defendant Williams with process and for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent her. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendants' time to answer or otherwise respond to the complaint be extended to January 7, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Karl J. Ashanti (KA4547)
Assistant Corporation Counsel

cc: Richard Cardinale, Esq. (by Fax)

MEMO ENDORSED

**SO ORDERED**

DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE
Nov. 1, 2007

2