UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TATUM SHORTER,

                                                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
JAMILLAH WILLIAMS, POLICE OFFICER JOHN
DOE,

                                                Defendants.

------------------------------------------------------------------- x

**ANSWER TO THE COMPLAINT**

07 Civ. 9290 (DAB)(HBP)

<u>Jury Trial Demanded</u>

Defendants City of New York ("City") and Police Officer Jamillah Williams ("Officer Williams"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint.

        4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

        5.      Deny the allegations set forth in paragraph "5" of the Complaint except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Officer Williams is employed by the City of New York as a police officer and was involved in plaintiff's arrest on October 13, 2006.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except deny that plaintiff was in the presence of an infant at the time of the incident.

9. Deny the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Officer Williams handcuffed plaintiff and placed plaintiff inside of a police vehicle.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiff was transported to the 70th Precinct.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Admit the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint except deny that plaintiff was in the presence of an infant at the time of the incident.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint, except deny that the arrest charges against plaintiff were false.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except admit that the summons was dismissed on January 3, 2007.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. In response to the allegations set forth in paragraph "28" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. In response to the allegations set forth in paragraph "30" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

34. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

39. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40. The actions of Officer Williams were justified by probable cause.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

41. Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

43. Officer Williams has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

45. Venue does not properly lie in this district.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

46. To the extent the complaint alleges any claims arising out of the laws of the State of New York, such claims may be barred as a result of the plaintiff's failure to comply with General Municipal Law § 50-e.

**WHEREFORE,** defendants City of New York and Jamillah Williams request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 7, 2008

                         MICHAEL A. CARDOZO
                         Corporation Counsel of the
                          City of New York
                         Attorney for Defendants
                         100 Church Street
                         New York, New York 10007
                         (212) 788-0971

By: _____
      Karl J. Ashanti
      Assistant Corporation Counsel
      Special Federal Litigation Division

To: (BY ECF AND MAIL)
Richard J. Cardinale, Esq.
Cardinale & Marinelli
Attorneys for Plaintiff
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391

6

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on **January 7, 2008**, I served the annexed **Answer to the Complaint** by ECF and by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

>    Richard J. Cardinale, Esq.
>    Cardinale & Marinelli
>    Attorneys for Plaintiff
>    26 Court Street, Suite 1815
>    Brooklyn, New York 11242

Dated: New York, New York
       January 7, 2008

_____
Karl J. Ashanti
Assistant Corporation Counsel

Index No. 007 CV 9290 (DAB)(HBP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| TATUM SHORTER,<br><br>                                                Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER<br>JAMILLAH WILLIAMS, POLICE OFFICER<br>JOHN DOE,<br><br>                                               Defendants. |
| **ANSWER TO THE COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Karl J. Ashanti*<br>*Tel: (212) 227-0414*<br>*NYCLIS No. 2007-031769* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................., 200......*<br><br>*................................................................ Esq.*<br><br>*Attorney for ...............................................................* |