UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TATUM SHORTER,

                                                Plaintiff,

                     -against-

THE CITY OF NEW YORK, POLICE OFFICER
JAMILLAH WILLIAMS, LIEUTENANT FRANK
KELLY,

                                             Defendants.

**ECF CASE**

**FIRST AMENDED COMPLAINT**

07 CV 9290 (DAB)

Jury Trial Demanded

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

      1.      This is a civil rights action in which the plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  This case arises from a October 13, 2006 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to an illegal search of her car, retaliation for plaintiff's use of protected speech, false arrest, excessive force, fabrication of evidence, and malicious prosecution.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and amendments and 28 U.S.C. §§ 1331 and 1343.

      3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New

York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's constitutional rights occurred in Manhattan at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street. Finally, venue is proper because plaintiff, as a result of defendants' actions, had to appear in criminal court at 346 Broadway in Manhattan.

## PARTIES

4. Plaintiff is a resident of the State of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Jamillah Williams is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on October 13, 2006. Williams is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of her fellow officers. Williams is sued in her individual capacity.

7. Lieutenant Frank Kelly is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on October 13, 2006. Kelly, who is a supervisor, is liable for directly participating in the acts described herein, for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers, and for being grossly negligent in the supervision of his subordinates. Kelly is sued in his individual capacity.

## STATEMENT OF FACTS

8. On October 13, 2006, at approximately 7:00 p.m., plaintiff and her six-month old child were lawfully standing on Newkirk Avenue between East 23rd Street and Flatbush Avenue, in Brooklyn, New York.

9. Plaintiff and her child were standing near plaintiff's parked automobile.

10. Several police officers stopped plaintiff and searched her car without cause.

11. Police Officer Jamillah Williams and Lieutenant Frank Kelly, a supervisor, were involved in the unlawful search of plaintiff's car and/or observed the illegal search take place but failed to take remedial action.

12. Plaintiff verbally objected to the illegal search of her car.

13. Solely in response to plaintiff exercise of free speech, Officer Williams and Lieutenant Kelly, acting in concert, falsely arrested plaintiff.

14. Plaintiff's six-month old child was placed in the care and custody of a stranger.

15. In the course of arresting plaintiff, Officer Williams used excessive force on plaintiff.

16. Officer Williams handcuffed plaintiff excessively tight and forcefully pushed the compliant plaintiff into a police car causing plaintiff to strike her body on the car.

17. Officer Williams' use of force caused plaintiff to experience pain and injury.

18. Plaintiff was subsequently transported to the 70th Precinct for arrest processing.

19. Plaintiff was incarcerated in the precinct for approximately 3 hours.

20. Officer Williams issued plaintiff a summons falsely charging plaintiff with disorderly conduct.

21. Upon information and belief, the issuance of the summons was approved by Lieutenant Kelly and/or was the product of a conspiracy between Williams and Kelly.

22. The summons directed plaintiff to appear in criminal court, located at 346 Broadway, on January 3, 2007.

23. After plaintiff was released from the 70th Precinct, she returned to the scene of the arrest to regain custody of her child.

24. The stranger who took custody of plaintiff's child charged plaintiff a fee.

25. On January 3, 2007, plaintiff, scared and in anguish, appeared in criminal court to answer the false charges.

26. At the conclusion of plaintiff's arraignment, the presiding judge dismissed the false charges.

27. As a result of the foregoing, plaintiff experienced pain and injury to her wrists and body, emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, loss of liberty, and damage to her reputation.

**FEDERAL CLAIMS AGAINST DEFENDANTS
JAMILLAH WILLIAMS AND FRANK KELLY**

28. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27 as if fully set forth herein.

29. The conduct of defendants Williams and Kelly as described herein, amounted to an illegal search of plaintiff's car, retaliation for plaintiff's use of protected speech, false arrest, excessive force, fabrication of evidence, and malicious prosecution. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

30. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-29 as if fully set forth herein.

31. The City of New York directly caused the constitutional violations suffered by plaintiff.

32. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its police officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

33. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    January 29, 2007
                Brooklyn, New York

                                        CARDINALE & MARINELLI
                                        26 Court Street, Suite 1815
                                        Brooklyn, New York 11242
                                        (718) 624-9391

                                        By:

                                        s/
                                        _____
                                        RICHARD J. CARDINALE (RC-8507)